## Case No. 15,973.

### UNITED STATES v. O'SULLIVAN et al.

[9 N. Y. Leg. Obs. 193.]

District Court, S. D. New York. July, 1851.

REMISSION OF CAUSES FROM DISTRICT TO CIRCUIT COURT.

1. A case will not be remitted to the circuit court from the district court, except when it shall appear that the questions of law are, in the judgment of the district court, of so grave a character that it must judicially declare them both difficult and important.

2. Nor would a judge be justified in remitting a case to the circuit court from the district court, because he had given a particular exposition to a crime's act in his charge to the grand jury, when it is not made to appear that his exposition is in conflict with that of any other court.

The question raised in this motion was, whether, on the indictment found by the grand jury against the defendants, the district court were bound to remit it to the circuit court. The facts and circumstances sufficiently appear in the opinion delivered by the learned district judge.

J. Prescott Hall, U. S. Dist. Atty.

John L. O'Sullivan, in pro. per.

BETTS, District Judge. The defendant moved the court, on the indictment found by the grand jury against him, that it be remitted to the circuit court. The act of congress of August 8, 1846 (Sess. Laws, 109, c. 98, § 2 [9 Stat. 72]), authorizes the United States attorney, at his discretion, to move the circuit court or district court to remit to the other indictments found in either. And in the 3d section further enacts that the district court may remit to the circuit court any indictment pending in the district court, when, in the opinion of the court, difficult and important questions of law are involved in the case. The district attorney opposed the motion for a remittitur, because of the great delay which such course must create, and because numerous witnesses were attending for the trial of the case on the part of the United States, many of whom were detained in jail, not being able to give recognizances for their appearance. The court asked to be furnished by the defendant with the points of law deemed by him to be of a character to call for the remittitur of the cause, under the provisions of the statute. A note of such points was accordingly given the court. They have been attentively considered, not with a view to determine which way the various suggestions propounded in them should be answered, but to ascertain wheth-

er they involve questions of such difficulty and importance as to render it the duty of this court to refer the subject to the circuit court. The points of law supposed to arise under this indictment do not seem to me to assume so grave a character. That the act of congress may present debatable questions, and demand the decision and construction of the court upon those questions, is highly probable; and it is not to be expected any statutory regulation will ever be expressed in a perspicuity and definiteness of language which admits of no exception or doubt. When one doubt is removed by construction, others spring out of the interpretation itself, and it is a constant occupation of jurists and judicial tribunals to encounter and solve such doubts. It cannot be supposed, therefore, that congress intended the district courts should exercise jurisdiction only in cases free of difficulty, and not important in themselves, and remit all others of a different character to the circuit courts. By the act of August 23, 1842 (5 Stat. 517, § 3), it is enacted that the district courts of the United States shall have concurrent jurisdiction with the circuit courts of all crimes and offences against the United States, the punishment of which is not capital; and in such of the districts where the business of the courts may require it to be done for the purposes of justice, and to prevent undue expenses and delays in the trial of criminal causes, the district courts shall hold monthly adjournments of the regular terms thereof for the trial and hearing of such causes. The direction to hold monthly adjournments does not apply to this court, it being required by the act of May 29, 1830 (4 Stat. 422, § 1), that the district court of the United States for the Southern district of New York shall hold a stated term, at the city hall of the city of New York, on the first Tuesday of each month. But the provision of the act of 1842 imports a direction to district courts to exercise the jurisdiction conferred by it, so that delays and expenses may be avoided in criminal cases. The manifest object of the statute would be frustrated, if these courts, on the occurrence of any debatable question of law in a criminal cause, should suspend their action, and remit the case to a circuit court. No one can, with reason, suppose such a step proper, unless the questions of law are, in the judgment of the court, of a character that it must judicially declare them both difficult and important. Those suggested in the memorandum handed me by the defendant may some of them be new, and not yet adjudicated upon in the United States courts, and perhaps were never before presented for consideration. Those circumstances do not, however, necessarily clothe them with the qualities of difficult and important questions. Questions of construction and interpretation are incessantly arising in the administration of criminal law. Scarcely an indictment, under a new or old statute, is brought to trial without there being started, and seriously discussed, question after question, vitally important to the defence, or perhaps to the prosecution; yet the district courts cannot consider they are authorized to disembarrass themselves from the consideration and decision of those questions, by adjourning them to the circuit court; nor, very often when clearly of the utmost importance in the cause, to declare them difficult.

The grand jury, at the present term, have already brought in thirteen indictments, and yesterday presented six for offences against recent statutes of the United States; all of which last are for offences never prosecuted in this court since I have presided in it. Still it is no less my duty to proceed and hear the new cases than the old, however apparent it may be that points very important to the defence of the parties accused may arise under many or all of them.

In the present case it would be most grateful to my own feelings to be relieved of the burthen of the trial; not only because there must necessarily devolve on the court great fatigue and anxiety, in a prolonged and actively contested case, surrounded with many other considerations than the intrinsic merits presented by the issues, but especially because it is plainly signified in this proceeding that the defendant desires by it no less to change the judge than the tribunal. In the points submitted by him, as the foundation of the motion, a paragraph was inserted taking the ground distinctly that the district judge had, in advance of argument, in his charge to the grand jury, given strong and decided views of the law, which would necessarily affect his judgment on the hearing of the cause. It is true the pen was struck through the lines of the paragraph, but evidently not intended so to obliterate them that the sentiment should fail being communicated to the judge. I take no exceptions to the suggestion. The party had a right to make it, and there would have been nothing offensive or indecorous in the objection if expressed openly. Most plainly it affords no legal cause for the judge to decline jurisdiction in the case, or for the party to challenge the propriety of his acting in it. A judge, from his office and station, is presupposed acquainted with the law of the land, and, from study and reflection, to have formed opinions upon the bearing of all positive laws of a general character, on any supposed state of facts. The more extensively and thoroughly he is informed upon those subjects, the better is he qualified for his place. His opinions should not be inflexible nor stubborn, but open to re-examination upon new light or reasons brought to his attention; still, his position is the reverse of that of a juror. Instead of having a mind free of all knowledge or impression on the subject to be sub-

mitted to his judgment, it ought to be strongly imbued with the law he is to administer, so as to be prepared to apprehend the justness of any criticisms or explanations applied to it; and it matters not if his opinion be in some measure already made up both on the law and facts of the case, by having acted as committing magistrate on the accusation. Under this theory a party acquires no benefit by appealing or transmitting his cause from one judicatory to another, to avoid its being heard by a judge who had formed an opinion upon the meaning of the law, because in every step upwards, from the lowest court to that of last resort, he must be presumed to meet judges of more matured and fixed opinions upon the subject. The policy and advantage of this ascending scale of review is to bring the matter ultimately before those who are prepared, by previous study and experience, to pronounce definitely upon the subject.

I cannot think, therefore. that the act of congress contemplates, or that a judge would be justified in remitting a case to the circuit court from the district court, because he had given a particular exposition to a crimes act, when it is not made to appear his exposition is in conflict with that of any other court. When it is discovered that judges in different sections of the United States put varying interpretations upon the criminal statutes, it is, then, clearly important that the judgment of the supreme court should be invoked to give an exposition which shall become a rule to all the tribunals of the country.

Independent of these general considerations, I consider it improper to remit causes to the circuit court in this district, except in cases of most manifest and grave importance. The circuit judge sits in that court only twice a year, and is unable to devote the time necessary to dispose of the business exclusively within its jurisdiction. He might be compelled. in order to clear the jails, to lay aside his civil calendar, and give his attention to cases, which, by law, the district court is required to hear; or he may feel constrained to remand to the district court the cases originating there, and within its jurisdiction, and he would be thus imposing great delay and enhanced expense upon individuals and the government. by reason of improvident concessions of the district court to parties under indictment. I consider it my duty to dispose of the business cast upon me by the law, and however willing I may be personally to be freed of these particular classes of cases, I discover nothing in them which authorizes me to send them from this court to the circuit court for trial. I shall accordingly decline giving the order asked in the present case, and also in those of Lewis and Schlessinger.

[See Cases Nos. 15,974 and 15,975.]